UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter L. Cianchetta, et al., | No. 2:20-cv-00241-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| BMW of North America, LLC, et al., | |
| Defendants. | |

This matter is before the court on plaintiffs' motion to determine reasonable attorneys' fees, costs, and expenses to be paid by BMW of North America, LLC.  For the reasons below, the court **grants** plaintiffs' motion in part.

I.   BACKGROUND

Plaintiffs filed suit against defendant BMW in Sacramento County Superior Court on August 21, 2019, alleging violations of the Song-Beverly Consumer Warranty Act and the California Unfair Competition Law. *See generally* Compl., Not. of Removal Ex. A, ECF No. 1-1. Defendant removed the action to this court on January 31, 2020. *See* Not. of Removal at 1,[1] ECF No. 1.  The parties engaged in written discovery, one deposition, a vehicle inspection, and briefing related to defendant's Motion to Compel Arbitration. *See* Opp'n at 5, ECF No. 40.

---

[1] To avoid confusion, pages cited here are those printed on the top right page of the document by the CM/ECF system.

1

Plaintiffs successfully opposed defendant's Motion to Compel Arbitration, *see* Order, ECF No. 18, and the parties filed their notice of settlement on June 29, 2021, *see* ECF No. 33. On August 3, 2021, the parties stipulated that plaintiffs are entitled to reasonable attorneys' fees, costs, and expenses as the prevailing party under the Song-Beverly Act. *See generally* Joint Stip., ECF No. 37.

Because the parties could not agree on an amount of reasonable attorneys' fees, plaintiffs filed the instant motion on November 10, 2021. *See* Mot., ECF No. 39-1. Defendant opposes, *see* ECF No. 40, and plaintiff has replied, *see* ECF No. 41. The court submitted the motion without a hearing and resolves it here.

## II.    LEGAL STANDARD

Under the Song-Beverly Act, a prevailing party may recover "a sum equal to the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). "The plain wording of the statute requires the trial court to base the fee award upon actual time expended on the case, as long as such fees are reasonably incurred—both from the standpoint of time spent and the amount charged." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 817 (2006).

"A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Durham v. FCA US LLC*, No. 17-00596, 2020 WL 243115, at *3 (E.D. Cal. Jan. 16, 2020) (citation omitted); *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 470 (2016). Under a contingent fee arrangement, "a prevailing buyer represented by counsel is entitled to an award of reasonable attorney fees for time reasonably expended by his or her attorney." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 105 n.6 (1994).

For a party opposing a fee request, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Durham*, 2020 WL 243115, at *3 (citation omitted). "Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or

excessive." *Id.* (citation omitted); *Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[T]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

### III. DISCUSSION

"The determination of what constitutes a reasonable fee generally begins with the lodestar[.]" *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 154 (2006) (internal quotation marks omitted). "To calculate the 'lodestar,' the Court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work." *Arias v. Ford Motor Co.*, No. 18-1928, 2020 WL 1940843, at *3 (C.D. Cal. Jan. 27, 2020) (citing *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999)); *Martinez v. Ford Motor Co.*, No. 118-01607, 2021 WL 3129601, at *3–9 (E.D. Cal. July 23, 2021) (applying lodestar method to Song-Beverly Act case).

Plaintiffs seek recovery of attorney fees of $48,140.50 for work performed prior to preparing the motion at issue here. They include a detailed billing record showing how they reach this amount. *See generally* Billing Records, Jacobs Decl. Ex. 1, ECF No. 39-4. Specifically, plaintiffs propose the following hourly rate and number of hours:

|  | Hours | Billing Rate | Lodestar |
|---|---:|---:|---:|
| Jon Jacobs, *partner* | 1.6 | $550 | $880 |
| Terry Baker, *attorney* | 1.9 | $650 | $1,235 |
| Chad David,[2] *attorney* | 50 | $350 | $17,500 |
| Chad David, *attorney* | 1.5 | $300 | $450 |
| Chad David, *Law Clerk* | 4.1 | $175 | $717.50 |
| Rene Dupart, *attorney* | 28.4 | $495 | $14,058 |

---

[2] Mr. David's three entries account for his time first as a law clerk, his initial hourly rate as an attorney, and his increased hourly rate with some experience as of January 2021. *See* David Decl. ¶¶ 9–10, ECF No. 39-3.

3

| | | | |
|---|---|---|---|
| Nicolas Dillavou,[3] *attorney* | 2.6 | $350 | $910 |
| Nicolas Dillavou, *attorney* | 0.6 | $300 | $180 |
| *Paralegals* | 81.4 | $150 | $12,210 |
| | 172.10 | TOTAL | $48,140.50 |

Mot. at 7–8.

In addition to the $48,140.50, plaintiffs request $5,000.00 for work related to plaintiffs' attorneys' fees motion and additional work needed to "wrap[] up this case." David Decl. ¶ 13, ECF No. 39-3. The total amount of fees they seek then is $53,140.50. Plaintiffs also request a "lodestar enhancement" multiplier of 1.5, for a total of $79,710.75. Mot. at 14. Finally, plaintiffs seek to recoup $4,924.51 in total costs and expenses. *Id.* All told, plaintiffs request $84,635.26.

Defendant argues plaintiffs' requests are "unreasonable" and "excessive." Opp'n at 9. Specifically, defendant challenges the (1) reasonableness of hours spent, (2) attorneys' rates, and (3) requested lodestar multiplier. *See generally* Opp'n. The court addresses these arguments in turn.

### A. Reasonableness of Hours Spent

Using the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In determining an appropriate fee award, "the district court should exclude hours that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (internal quotation marks and citation omitted). The court has discretion to reduce the fee award where fees were not reasonably incurred. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) ("'[P]adding' in the form of inefficient or duplicative efforts is not subject to compensation."). However, as a general rule, "the court should defer to the winning lawyer's professional judgment as to how much time he was required

---

[3] Plaintiffs' counsel does not provide an explanation for Mr. Dillavou's two entries, but the court assumes that, like Mr. David, Mr. Dillavou's two entries reflect his initial and increased billing rates.

to spend on the case." *Moreno*, 534 F.3d at 1112; *see also E–Pass Techs., Inc. v. 3Com Corp.*, No. 00–2255, 2007 WL 4170514, at *6 (N.D. Cal. Nov. 14, 2007) ("[T]he court will not second-guess reasonable attorney conduct of a litigation strategy for the case.").

As reviewed above, the billing records submitted in support of plaintiffs' motion indicate the Law Offices of Jon Jacobs spent 172.1 hours on this matter as of the filing of the instant motion, and counsel estimates an additional 15 hours to close the case. *See* David Decl. ¶ 13; *see also* Jacobs Decl. ¶ 18.

Defendant challenges counsel's billing practices in three ways. First, defendant identifies billing entries it argues reflect fees unreasonably incurred, such as inefficient legal work and overlitigation of the case. *See* Opp'n at 9–12. Second, defendant challenges billing entries for clerical work, arguing these entries should be deemed non-compensable or compensable at a reduced billing rate. *Id.* at 13. Finally, defendant challenges 2.8 hours of billing entries it says are too vague. *Id.* at 13–14. The court addresses each challenge in turn.

        **1.**    **Billing Entries Reflecting Fees Unreasonably Incurred**

Defendant identifies 12.8 hours of billing entries it argues reflect inefficient or otherwise unnecessary legal work. For example, defendant challenges 8.4 hours of billing entries from January 6, 2021 to April 14, 2021 related to supplemental responses to defendant's written discovery. Specifically, defendant argues plaintiffs provided "severely deficient" responses to defendant's written discovery requests in contravention of Federal Rules of Civil Procedure 33 and 34, which resulted in plaintiffs' counsel engaging in "unnecessary and redundant" work to satisfy their discovery obligations. Opp'n at 12. The court agrees plaintiffs' responses to defendant's interrogatories are deficient. *See generally* Resp. to Interrog., Allen Decl. Ex. E, ECF No. 40-1. At the same time, defendant does not point the court to any excessive billing related to plaintiffs' original responses or argue that plaintiffs' counsel would not have needed the extra time to provide sufficient responses in the first place. The court therefore excludes from recovery only the three billing entries concerning the parties' meet-and-confer efforts to address plaintiff's deficient initial response, which amounted to 1.6 hours of work.

5

Defendant also argues plaintiffs billed for irrelevant legal work. For example, defendant points to an October 19, 2020 entry concerning "a 'Subaru Ascent 2020' and an individual who is not a party to this case, 'Kelbatyrov,'" Opp'n at 11, and a November 26, 2019 entry concerning a "lender," even though no lender was named as a party or identified as a witness, *id.* These entries are indeed irrelevant to this case and not properly included in an award of attorneys' fees. The court does not find the other entries identified by defendant to be particularly excessive or unreasonable, especially given the general rule of deference to "the winning lawyer's professional judgment as to how much time" was required. *Moreno*, 534 F.3d at 1112. Accordingly, only 2 hours of Chad David's time and .2 hours of paralegal time will be deducted; the balance of the attorney time will be included in the fee award.

### 2. Billing Entries for Clerical Tasks

Next, defendant challenges 207 entries, reflecting a total of 49 hours and $7,390.00, billed by paralegals as being purely clerical and, thus, non-compensable or compensable at a reduced billing rate. Specifically, defendant challenges billing entries for tasks such as updating calendars, sending reminders, scheduling events, serving documents, forwarding emails, and so on. *See* Opp'n at 13. Plaintiffs do not seriously engage these challenges, responding without argument or citation that "many of the tasks complained of are fully recoverable." Reply at 4.

The court agrees some of these tasks are purely clerical in nature and should not be included in the fee award. *See Durham*, 2020 WL 243115 at *7 (reducing lodestar for hours spent on "printing and saving documents, reviewing pleadings, discovery and parties' documents production to prepare case files, and calendaring deadlines"). "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). "Clerical tasks" include but are not limited to "creating indexes for a binder; filing emails, memoranda, and other correspondence; updating the case calendar with new dates; copying, scanning, and faxing documents; and filing or serving documents." *Moore v. Chase, Inc.*, No. 14-01178, 2016 WL 3648949, at *3 (E.D. Cal. July 7,

2016) (citing *Prison Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095, 1102 (N.D. Cal. 2008)).

From a general review of defendant's spreadsheet listing each contested billing entry, the court estimates roughly 40 percent of defendant's challenges are without merit. *See, e.g.*, Allen Decl., Ex. K at 53 (canceling deposition after case settled); *id.* at 54 (emailing chambers copy of settlement conference statement); *id.* at (emailing initial disclosures to opposing counsel). The court estimates roughly 60 percent of defendant's challenges are legitimate. *See, e.g.*, *id.* at 55 ("confirm receipt of email"); *id.* at 56 ("updated calendar in file"); *id.* at 60 ("email Zoom instructions to RD for tomorrow's MTC hearing"); *id.* at 62 ("review file"). Accordingly, 60 percent of the 49 challenged hours will be deducted from the court's lodestar analysis. *See Gorman v. Tassajara Development Corp.*, 178 Cal. App. 4th 44, 101 (2009) (noting that in reducing party's request for attorneys' fees, the court is not required to list "each charge [it] find[s] to be reasonable or unreasonable, necessary or unnecessary."); *see also Zargarian v. BMW of N. Am.*, LLC, 442 F. Supp. 3d 1216, 1223 (C.D. Cal. 2020) (when "a court determines that some hours billed are not reasonable, it may exclude them using one of two methods: the court may either conduct an 'hour-by-hour analysis' of the fee request or make an 'across the board percentage cut'" (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013))).

Further, while defendant does not specifically challenge plaintiffs' paralegal rate of $150, plaintiffs have "the burden of showing that the fees incurred were . . . 'reasonable in amount.'" *Durham*, 2020 WL 243115 at *3; *Robertson*, 144 Cal. App. 4th at 817 (court is "require[d] . . . to base the fee award upon actual time expended on the case, as long as such fees are reasonably incurred—both from the standpoint of time spent and the amount charged"). The only support plaintiffs offer for this rate is that they have "charged $150 per hour for paralegal time for at least seven years and have received that amount in nearly every settlement with every major vehicle, motor home, RV, and boat manufacturer." Jacobs Decl. ¶ 12. Plaintiffs also submit they have "obtained that rate in a fee motion in Sacramento County." *Id.* This is insufficient to support a paralegal's hourly rate of $150 in the Eastern District of California, and the court reduces plaintiffs' paralegal rate to $75. *Cf. Mohamed v. Barr*, 562 F. Supp. 3d 1128, 1136 (E.D. Cal.

7

2022) (rejecting requested paralegal rate of $80 per hour "given the overall inadequacy of the support in this motion"; awarding $75 per hour instead); *see also Moore v. Chase, Inc.*, No. 14-cv-01178, 2016 WL 3648949, at *3 (E.D. Cal. July 7, 2016) ("Courts have repeatedly determined prevailing hourly rates for paralegals in the Eastern District to be $75 per hour.") (collecting cases).

### 3. Vague Billing Entries

Finally, defendant challenges 2.8 hours' worth of billing entries totaling $420.00 as being vague and therefore non-compensable. *See* Opp'n at 13–14. The court agrees four of the billing entries are impermissibly vague and therefore non-compensable. *See id.* at 14, January 28, 2020 ("research for RD"); *id.*, January 29, 2020 ("drafted docs"); *id.*, January 20, 2021 ("Cianchetta v"); *id.*, June 3, 2021 ("Final pages of documents"). The court does not find the other examples pointed to by defendant to be unreasonably vague. Accordingly, 1.4 hours will be deducted.

### B. Attorneys' Rates

"[D]etermining an appropriate 'market rate' for the services of a lawyer is inherently difficult[.]" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). To determine a reasonable rate, a court may refer to "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding fees in the community" and rates paid in other cases. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The reasonable hourly rate is the rate prevailing in the community for similar work." *Arias*, 2020 WL 1940843, at *3 (citation omitted); *see also Gonzalez*, 729 F.3d at 1200 ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community."). "The relevant community is the community in which the court sits." *Arias*, 2020 WL 1940843, at *3 (citing *Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995)). "If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." *Id.* (citations omitted).

Plaintiffs seek to recover fees generated by five different attorneys at rates ranging from $300 to $650 per hour. *See* Mot. at 7–8.[4] Specifically, plaintiffs seek $650 per hour for Mr. Baker, who has roughly 20 years of experience, Baker Decl. ¶¶ 4–9; $550 for Mr. Jacobs, with roughly 20 years' experience, Jacobs Decl. ¶ 4; $495 for Mr. Dupart, with roughly eight years' experience, *id.* ¶ 19; $300 to $350 for Mr. David, with roughly two years' experience, David Decl. ¶ 5; and $300 for Mr. Dillavou, also with roughly two years' experience.[5]

Defendant argues these rates are unreasonable, citing this court's order in *Seebach v. BMW of N. Am., LLC*, No. 18-00109, 2020 WL 4923664 (E.D. Cal. Aug. 21, 2020). In *Seebach*, this court reviewed the billing rates common in the Eastern District of California and reduced the billing rates for attorneys with the Law Offices of Jon Jacobs, including Mr. Baker, from $650.00 to $505.00, and Mr. Jacobs, from $550.00 to $505.00, finding their requested rates unreasonable for lodestar purposes. *Id.* at *4. Because the same analysis applies here, given that there is nothing materially different in the record of this case, the court reduces Mr. Baker's and Mr. Jacobs' hourly rates for lodestar purposes to $505.00 per hour.

This court also set the hourly rate of an associate with the Law Offices of Jon Jacobs who had "only one year and two months of experience litigating" as $200.00 per hour. *See id.* (referencing *Aviles v. Subaru of Am., Inc.*, No. 18-01544, 2020 WL 868842, *6 (E.D. Cal. Feb. 21, 2020), which set rates for attorneys with roughly four years' experience at $250 to $225, and *Celestine v. FCA US LLC*, No. 17-0597, 2019 WL 4274092, at *12 (E.D. Cal. Sept. 10, 2019), setting rates for attorneys with less than five years' experience at $175). Like the junior associate

---

[4] Plaintiffs base these rates in part on the 2017–2018 United States Consumer Law Attorney Fee Survey Report. *See* Jacobs Decl., Ex. 3. Such a report does not help the court determine appropriate rates for attorneys practicing here in the Eastern District of California. *Cf. Celestine v. FCA US LLC*, No. 17-0597, 2019 WL 4274092, at *12 (E.D. Cal. Sept. 10, 2019) (declining to rely on hourly rates of "lemon law" and consumer law attorneys in California rather than rates of attorneys specifically in the Eastern District).

[5] *See* State Bar of California, Attorney Profile for Nicolas Dillavou, available at https://apps.calbar.ca.gov/attorney/Licensee/Detail/327210 (Mr. Dillavou admitted to State Bar of California on November 21, 2019).

in *Seebach*, Mr. David and Mr. Dillavou are in their first years of practice. Consistent with this court's analysis in *Seebach*, Mr. David's and Mr. Dillavou's hourly rates are reduced to $200.00.[6]

Finally, Mr. Dupart has practiced as an attorney for just over eight years, since June 2013. *See* Jacobs Decl. ¶ 19. Based on this level of experience, his hourly rate is reduced from $495, which is unreasonable for lodestar purposes, to $275, which is reasonable. *Cf. Aviles*, 2020 WL 868842, at *6 (finding $275 to $325 to be reasonable hourly rate for attorneys with roughly eight years' experience); *Celestine*, 2019 WL 4274092, at *13 (finding $225 to be reasonable hourly rate for attorneys with six to eight years' experience). These reduced rates are reflected in the summary chart included below.

### C. Lodestar Multiplier

Once a court has calculated the lodestar amount, the court may increase or decrease the amount "by applying a positive or negative 'multiplier' to take into account a variety of other factors." *Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016). Relevant factors include "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1122.

No multiplier is warranted here. As to the first two factors, plaintiffs make mostly general assertions about the difficulty of lemon law cases, the skill or "sophistication" of opposing counsel, and plaintiff's success in obtaining a settlement in a challenging context. But, as defendant points out, accepting these arguments would likely mean every successful lemon law claim would result in a multiplier. Plaintiffs' only particularized argument, that it had to overcome defendant's Motion to Compel Arbitration (with a three-page opposition, *see* ECF No. 10), does not support the conclusion this case involved issues that were particularly novel or complex. While the court acknowledges plaintiffs' counsel competently served their clients, the court does not find that any special skill was required.

---

[6] Mr. David's $175.00 hourly rate for work as a law clerk is unaffected by this adjustment.

Nor does the court believe this case precluded counsel's other employment sufficient to warrant a multiplier. Plaintiffs simply claim they spent many hours on this matter, and that "until this case is resolved, plaintiffs' counsel is unable to allow another case to take its place." Mot. at 10; Jacobs Decl. ¶ 22. They also make the highly generalized statement that "[t]he facts of this case were more complex than the average Lemon Law case handled by our law firm." Jacobs Decl. ¶ 22. Every lawyer has finite capacity and complexity can be explained in meaningful detail. Plaintiffs' conclusory assertions here do not establish this case was exceptionally complex and precluded other employment sufficient to warrant a multiplier.

Finally, while plaintiffs' counsel did assume some risk taking this case on a contingency basis, this does not outweigh the other factors counseling against a multiplier. *See, e.g.*, *Heffington v. FCA US LLC*, No. 17-00317, 2020 WL 5017610, at *9 (declining to award positive multiplier based on contingent risk because "that factor is outweighed by the other factors the court has considered, namely that this case was not novel, complex, or difficult, especially because the disputed facts and issues to be resolved were minimal"); *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liability Litig.*, No. 17-06656, 2020 WL 4720043, at *8 (C.D. Cal. Aug. 13, 2020) (same); *Hellenberg v. Ford Motor Co.*, No. 18-2202, 2020 WL 1820126, at *6 (S.D. Cal. Apr. 10, 2020) (same); *Mikhaeilpoor v. BMW of N. Am., LLC*, 48 Cal. App. 5th 240, 255 (2020) ("The case concerned the simple issue of a purported engine defect in plaintiff's vehicle that was—in plaintiff's view—not fixed after multiple attempts."). "A contingent fee agreement only favors an upward departure when there is an 'uncertainty of prevailing on the merits and of establishing eligibility for the award.'" *Arias*, 2020 WL 1940843, at *5 (citation omitted). Given that plaintiffs' counsel regularly undertakes this type of work—indeed, they specialize in lemon law cases—the court does not find counsel faced such uncertainty that a multiplier is warranted. *See id.*; *see also Ortega v. BMW of N. Am.*, LLC, No. 2:18-cv-06637, 2019 WL 6792798, at *4 (C.D. Cal. Oct. 24, 2019) (denying to apply multiplier in part because, "[w]hile Plaintiff claims that Defendant dragged this case out unnecessarily and Plaintiff's counsel risked recovering nothing in exchange for the time expended and costs advanced, risk and delay are inherent in every contingency matter").

Accordingly, in light of the reductions determined above, the court calculates the lodestar amount using the following figures, with the court's adjustments to plaintiffs' proposal shown in **bold**:

|  | Hours | Billing Rate | Lodestar |
|---|---|---|---|
| Jon Jacobs, *partner* | 1.6 | **$505** | **$808** |
| Terry Baker, *attorney* | 1.9 | **$505** | **$959.50** |
| Chad David, *attorney* | **47.9** | $200 | $9,580 |
| Chad David, *law clerk* | 4.1 | $175 | $717.50 |
| Rene Dupart, *attorney* | 28.4 | **$275** | **$7,810** |
| Nicolas Dillavou, *attorney* | 3.2 | $200 | $640 |
| *Paralegals* | **50.4** | $75 | $3,780 |
|  | **137.5** | TOTAL | **$24,295** |

To the lodestar amount of $24,295, the court adds $3,000 for work related to plaintiffs' attorneys' fees motion.[7]  Having denied the requested lodestar enhancement, the court awards a total of $27,295.00 in attorneys' fees and $4,924.51 in costs and expenses.

### IV. CONCLUSION

For the foregoing reasons, the court has deducted 34.6 hours, adjusted the rates requested by plaintiffs' counsel and paralegals, and declined to apply a multiplier.  Plaintiffs' motion for fees, costs, and expenses is **granted** in the modified amount of $32,219.51.

This order resolves ECF No. 39.

IT IS SO ORDERED.

DATED: June 13, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

---

[7] When he filed his motion for attorneys' fees, Mr. David expected to "incur at least 15 additional hours finalizing the Motion, reviewing Defendant's opposition, drafting a reply, attending any needed hearings, filing a bill of costs, collecting any award by this Court, and ultimately wrapping up this case." David Decl. at 3.  Because the court has allowed a $200 hourly billing rate for Mr. David's work as an attorney, the court awards $3,000 for additional work.